IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN CORNELIUS KIMBROUGH,<br><br>    Petitioner,<br><br>vs.<br><br>MIKE KNOWLES, Warden,<br><br>    Respondent. | No. C 03-1968 JSW (PR)<br><br>**ORDER LIFTING STAY, DIRECTING CLERK OF THE COURT TO FILE SECOND AMENDED PETITION, AND DIRECTING RESPONDENT TO SHOW CAUSE WHY THE PETITION FOR A WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED** |

    Petitioner is a California prisoner who filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an order dated September 12, 2003, the Court found that Petitioner raised six cognizable claims for relief. The Court issued an Order to Show Cause directing Respondent to show cause why the petition should not be granted. Four days later, on September 16, 2003, Petitioner moved to stay the habeas petition while he returned to state court to exhaust additional claims. The Court granted Petitioner's request for a stay on October 16, 2003. After complying with the Court's order to file interim reports on the exhaustion status of his claims, on August 15, 2005, Petitioner filed an amended petition which contains his newly exhausted claims.

    Accordingly, the stay of proceedings entered on October 16, 2003 (docket no. 8) is LIFTED and the Court grants Petitioner leave to amend his first amended petition with the newly exhausted claims. The Clerk of the Court shall attach the first amended petition that was received into the court file on August 19, 2003, to the amended petition that was filed in the court file on August 15, 2005 (docket no. 36), and shall file and docket this new combined document as Petitioner's SECOND AMENDED PETITION.

    The Clerk shall serve a copy of this order and the SECOND AMENDED PETITION, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner .

    Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days

of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

Reasonable extensions of time may be granted upon motion made to the Court and served upon the opposing party no later than **seven (7)** days before the previously set filing due date.

IT IS SO ORDERED.

DATED: February 28, 2006

JEFFREY S. WHITE
United States District Judge