1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALVIN KIMBROUGH,                      )     No. C 03-1968 JSW (PR)
                                      )
            Petitioner,               )
                                      )
      vs.                             )     **ORDER GRANTING MOTION TO**
                                      )     **DISMISS PETITION AS UNTIMELY**
                                      )
MIKE KNOWLES, Warden,                 )
                                      )     (Docket No. 39)
            Respondent.               )
                                      )
_____      )

## INTRODUCTION

Petitioner, a prisoner of the State of California currently incarcerated at Mule Creek State Prison, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state conviction.  On September 12, 2003, the Court ordered Respondent to show cause why the amended petition, filed August 19, 2003 should not be granted (docket no. 4).  On September 16, 2003, Petitioner moved to hold the petition in abeyance, so that he could exhaust additional claims in the state courts (docket no. 5).  Thereafter, on August 15, 2005, Petitioner filed an amended petition (docket no. 36).  On February 28, 2006, the Court again ordered Respondent to show cause as to why the second amended petition should not be granted (docket no. 37).  On April 27, 2006, Respondent filed a motion to dismiss the petition as untimely (docket no. 39).  On June 16, 2006, Petitioner filed an opposition to the motion (docket no. 42) and on November 28, 2006, Respondent filed a reply (docket no. 46).  This order grants the motion to dismiss.

## BACKGROUND

The uncontested procedural history is as follows:  An Alameda County Superior

Court jury convicted Petitioner of manslaughter and murder. Petitioner was sentenced to six years plus nineteen years-to-life in prison.  On August 4, 1998, the California Court of Appeal affirmed the judgment.  On November 18, 1998, the California Supreme Court denied review.

Petitioner pursued three rounds of collateral challenges in the state courts.  On February 6, 2000, Petitioner filed his first petition for a writ of habeas corpus in the state courts by signing the petition and sending it to the superior court.  That petition was denied on March 10, 2000.  Petitioner's first round of state habeas petitions in the California courts was ultimately denied in the California Supreme Court on September 13, 2000.

About five months later, on February 8, 2001, the cell of another prisoner, Nathan Ellis, who had Petitioner's legal papers in his possession, was searched and legal papers belonging to Petitioner were removed from his possession (Petitioner's Exhibit "Declaration of: Nathan J. Ellis" in Petitioner's Opposition to Respondent's Motion to Dismiss).  That individual apparently continued to have some access to the papers that were removed from his cell (Petitioner's Exhibit "Legal Property Log" in Opposition.)

Petitioner commenced his second round of collateral challenges by filing a petition for a writ of habeas corpus in superior court on March 14, 2002 (which was signed by Petitioner on March 10, 2002).  This round of state collateral review ended on January 29, 2003.

Petitioner filed his federal habeas action on April 30, 2003.  Petitioner filed his first amended petition on August 19, 2003.  Petitioner's third round of state collateral challenges commenced after Petitioner moved this Court to stay proceedings while he exhausted additional claims in state court on September 16, 2003 (docket no. 5).  After that round was completed by a denial from the California Supreme Court on June 29, 2005, Petitioner filed an amended petition on August 15, 2005, (docket no. 36), which is currently the operative petition in this matter.

**DISCUSSION**

**I.      The Statute of Limitations**

Respondent Attorney General moves to dismiss the petition as untimely.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became law on April 24, 1996, and imposed for the first time a statute of limitations on federal petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences now must be filed within one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).  Respondent argues that the present petition must be dismissed because it was not filed within one year of the date on which Petitioner's conviction became final.

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition.  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires.  *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).

Therefore, as Respondent points out, the one year period began to run in this case on February 16, 1999.  Ordinarily, Petitioner would have until February 16, 2000 to file a timely petition.  However, the federal petition was not filed until April 30, 2003, more than three years later.  Therefore, the petition is untimely unless Petitioner can show that he is entitled to delayed commencement of the statute of limitations under §

2244(d)(1)(A)-(D), or that the statute of limitations was statutorily tolled under §

2244(d)(2), or that he is entitled to equitable tolling.

## II.   Delayed Commencement Under § 2244(d)(1)(B) and/or Statutory Tolling

In most cases, the one year limitations period will start on the date on which the judgment becomes final after the conclusion of direct review or the time passes for seeking direct review, but the limitations period may start on a later date. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). Petitioner primarily argues that the seizure of his legal papers from another prisoner constitutes a state-imposed impediment which delayed commencement of the limitations period.

Section § 2244(d)(1)(B) allows for commencement of the statute of limitations on the date on which "an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Petitioner contends that the actions of state officials in seizing his legal materials from another prisoner on February 8, 2001 constitutes an impediment to filing under § 2244(d)(1)(B) that should delay the commencement of the limitations period.

However, Petitioner's argument is without merit. Ordinarily § 2244(d)(1)(B) provides for the delayed commencement of the statute of limitations until an impediment to filing is removed, "if the applicant was prevented from filing by such state action[.]" Here, however, the impediment was not even created until more than one year after the limitations period set forth in § 2244(d)(1)(A) had passed. It would defy logic for § 2244(d)(1)(B) to re-commence the statute of limitations ordinarily in place under § 2244(d)(1)(A) when the impediment did not even exist until after more than a year had passed. While the Ninth Circuit has applied section 2244(d)(1)(B) to provide delayed commencement where prisoners have been impeded in their ability to file a habeas petition due to ongoing conduct on the part of state prison officials, *see, e.g., Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (remanding case

4

1    to district court for development of facts concerning whether AEDPA materials were

2    unavailable in the prison law library and the legal significance of such a finding), this

3    Court finds no precedent for applying § 2244(d)(1)(B) to delay the commencement of the

4    limitations period when the alleged impediment did not exist until more than one year

5    after the date on which the judgment became final under § 2244(d)(1)(A).

6            In this case, Petitioner contends that he filed his first state collateral challenge on

7    February 6, 2000, only 11 days before the one year limitations period would have

8    expired under § 2244(d)(1)(A).  Under 28 U.S.C. § 2244(d)(2), the time during which a

9    properly filed application for State post-conviction or other collateral review is pending

10   does not count toward the one year limitations period.  *See Carey v. Saffold*, 536 U.S.

11   214, 219-20 (2002).  Until the state habeas application has achieved final resolution

12   through the State's post-conviction procedures, by definition it remains "pending."  *Id.* at

13   220.  In California, this means that the statute of limitations is tolled from the time the

14   first state habeas petition is filed until the California Supreme Court rejects the

15   petitioner's final collateral challenge, as long as the petitioner did not "unreasonably

16   delay" in seeking review.  *Id.* at 221-23.

17           The Ninth Circuit has held in *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999)

18   that an application for collateral review is "pending" in state court for "all of the time

19   during which a state prisoner is attempting, through proper use of state court procedures,

20   to exhaust state court remedies with regard to a particular post-conviction application."

21   *Nino* held that the limitation period "remains tolled during the intervals between the state

22   court's disposition of a state habeas petition and the filing of a petition at the next state

23   appellate level."  This means that a state habeas petition is pending while a California

24   petitioner "complete[s] a full round of [state] collateral review" all the way to the

25   California Supreme Court.  *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)

26   (citation and internal quotations marks omitted).

27            However, if there is any gap between the completion of one round of review and

28
                                                5

the commencement of another round of state habeas review, the petitioner is not entitled to tolling during the gap. *See Delhomme v. Ramirez*, 340 F.3d 817, 819-20 (9th Cir.2003) at 821; *Biggs*, 339 F.3d at 1046-47, 1048; *see also Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001) (not tolling limitation period during gap between successive state habeas petitions filed in the state's highest court); *Smith v. Duncan*, 297 F.3d 809, 814-15 (9th Cir. 2002) (when calculating tolling period, excluding gap between first set of state habeas petitions (superior court, court of appeal and supreme court) and second set of state habeas petitions (superior court, court of appeal and supreme court)).  Tolling under § 2244(d)(2) ends thirty days after the Supreme Court of California's denial of the final habeas petition is filed because that is when the denial becomes "final" under California Rule of Court 24.  *Allen v. Lewis*, 295 F.3d 1046, 1046 (9th Cir. 2002) (en banc) (reaffirming *Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir. 2001)).[1]

Even assuming that Petitioner would be entitled to statutory tolling for the time during which he alleges that his state collateral challenges were pending, this time does not adequately toll the limitations period to make the petition timely.  Petitioner alleges that the first round of state collateral challenges was completed on September 13, 2000.  At that time, only eleven days remained of the one year limitations period.

However, at the time that the alleged impediment to filing was created by the seizure of his legal papers on February 8, 2001, close to five additional months had passed since the first round of collateral challenges had been completed and Petitioner had neither filed a federal petition nor initiated another round of state collateral challenges.  Approximately four months of this time period (from 30 days after the California Supreme Court's denial in Petitioner's first round of state collateral

---

[1]The rationale of *Allen v. Lewis* only applies to denials of the Supreme Court of California filed before January 1, 2003.  On January 1, 2003, the Supreme Court of California made clear that its orders denying a petition for a writ of habeas corpus within its original jurisdiction are final on filing.  *See* Cal. Rule of Court 29.4(b)(2)(C).

challenges) would not be tolled.  This period also occurred prior to the creation of the impediment upon which Petitioner bases his argument for delay of the commencement of the limitations period.  Therefore, at the time of the creation of the impediment, the one year limitations period under § 2244(d)(1)(A) had already expired, and does not appear to have been extended by statutory tolling.

While Petitioner's exhibits also suggest that Petitioner's "Jailhouse lawyer" continued to have access to the documents of Petitioner's at the prison, even though they were no longer in his possession (see, "Legal Property Log" Exhibit in support of Petitioner's opposition), it is not necessary for this Court to determine whether this seizure would have actually constituted an impediment under § 2244(d)(1)(B) had it not happened after the limitations period had already expired.

Because the statute of limitations already had expired by the time the alleged impediment came into existence, the impediment created thereafter cannot have had an impact on Petitioner's failure to file a timely petition.  *Cf. Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state habeas petition filed *after* AEDPA's statute of limitations ended cannot toll the limitation period); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).  Accordingly, Petitioner is not entitled to delayed commencement of the statute of limitations under § 2244(d)(1)(B) based on the seizure of his legal papers on February 8, 2001.

**III.    Equitable Tolling**

Finally, the Court considers whether Petitioner is entitled to equitable tolling of the limitations period, which is available upon a showing that a petitioner has been pursuing his rights diligently and that extraordinary circumstances beyond his control prevented him from timely filing the petition.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  The prisoner must

7

show that "the 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).

The Ninth Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The petitioner must establish two elements in order to be granted equitable tolling: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting *Pace*, 544 U.S. at 419); *see Pace*, 544 U.S. at 419 (petitioner's lack of diligence in filing timely state and federal petitions precluded equitable tolling).

Petitioner does not appear to raise equitable tolling in defense of the delays in the filing of his petition. However, for the reasons already discussed, because more than one year of time that was not tolled had already passed before the alleged seizure of his legal papers, this incident did not prevent Petitioner from filing a timely petition. Therefore, Petitioner cannot show that the 'extraordinary circumstances' were the cause for the delay. *Spitsyn*, 345 F.3d at 799. Because Petitioner has not established that the limitations period should be delayed by a state created impediment or that he is entitled to statutory or equitable tolling, the petition is barred by the statute of limitations and must be dismissed.

## CONCLUSION

Respondent's motion to dismiss is GRANTED (docket no. 39). The petition for writ of habeas corpus is hereby DISMISSED. The Clerk shall enter judgment and close the file. This order terminates all pending motions.

IT IS SO ORDERED.

DATED: December 19, 2006

JEFFREY S. WHITE
United States District Judge